UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CANDACE OSBORNE,                     )
                                     )
            Plaintiff,               )
                                     )
     v.                              )          CASE NO 4:18CV1801  HEA
                                     )
CHARTER COMMUNICATIONS, INC.,        )
                                     )
            Defendant.               )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss and
Compel Arbitration or in the Alternative, Stay Proceedings Pending Arbitration
[Doc 7].  Plaintiff did not file an opposition to the Motion, however, prior to the
filing of the Motion, Plaintiff filed a "Memorandum for Clerk" wherein she details
her position regarding arbitration.  For the reasons set forth below, the Motion to
Compel Arbitration is granted.

### Facts and Background

Plaintiff filed this action *pro se* against Defendant on October 23, 2018,
alleging that her employment with Defendant was terminated in violation of Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et* seq., based
on her sex.

Defendant has submitted the Affidavit of Tammie Knapper, Director, HR Technology for Charter Communications, LLC which sets out the following:

Solution Channel is Charter's employment-based legal dispute resolution program ("the Program"). On October 6, 2017, Charter announced the Program by email to all non-union below the level of Executive Vice President, who were active, or who were not on a leave of absence, on that date (hereinafter "Employees"). Employees received the email announcement from Paul Marchand, Executive Vice President, Human Resources, at the Charter work email address assigned to them.

The Solution Channel Announcement indicated to Employees that they would be enrolled in the Program unless they opted out of the Program within 30 days. That 30-day period expired on November 5, 2017. The Solution Channel Announcement stated in part:

> Unless you opt out of participating in *Solution Channel* within the next 30 days, you will be enrolled. Instructions for opting out of *Solution Channel* are also located on Panorama.

The Solution Channel Announcement included a link to the Solution Channel web page located on the Charter intranet site accessible to Employees, named *Panorama.* The Solution Channel web page was accessible to the Employees on Charter's network, and included additional information regarding the Program.

The Solution Channel web page accessible to Employees on *Panorama* included a reference and link to Charter's Mutual Arbitration Agreement. The

Solution Channel web page accessible to Employees on *Panorama* also included the following information:

**Opting Out of Solution Channel**

      **If** you do not opt out of Solution Channel within the designated time, you will be automatically enrolled in Solution Channel and considered to have consented to the terms of the Mutual Arbitration Agreement at that time. To opt-out of Solution Channel, please **click here.** In the new window that will open, click Main Menu->Self-Service->Solution Channel.

Employees who wished to learn more about opting out of the Program could select the **"click here"** link, which launched the opening of the PeopleSoft sign-in web page. Employees who signed into PeopleSoft using their regular network credentials could select "Self Service" from the main menu on the PeopleSoft home page, and then select "Solution Channel" from the SelfService menu. By selecting "Solution Channel," Employees would land on a page within PeopleSoft, at which they could opt out of the Program (the "PeopleSoft Solution Channel Page").

If Employees wished to opt out of the Program, they checked the box next to the phrase "I want to opt out of Solution Channel", entered their name in an adjacent text field, and clicked "SAVE." Employees had the option of printing this page for their records.

Employees who opted out of the Program by following the steps received an email from Charter confirming that they exercised their right to opt out of the

Program. Employees who did not opt out of the Program by following the steps described in paragraph 14 on or before November 5, 2017, were enrolled in the Program. These enrolled Employees could then view their enrollment status in PeopleSoft by accessing PeopleSoft, selecting "Self Service" from the main menu on the PeopleSoft home page, and then selecting "Solution Channel" from the Self Service menu.

After November 5, 2017, Employees could no longer use the PeopleSoft Solution Channel Page to opt out of the Program.

Charter maintains within PeopleSoft a record of Employees who opted out of the Program between October 6 and November 5, 2017.

Ms. Knapper affirms that she has access to and has reviewed the dates of employment of Plaintiff in PeopleSoft, and confirmed that she was an employee of Charter on October 6, 2017. She also has access to and reviewed the list of Employees to whom the Solution Channel Announcement was emailed on October 6, 2017, and has confirmed that Plaintiff was included in this distribution list.

Ms. Knapper has also reviewed Charter's record of Employees who opted out of the Program between October 6 and November 5, 2017, and has confirmed that Plaintiff did not opt out of the Program during that period.

Defendants move to compel arbitration and dismiss, alternatively, Defendants seek a stay of this action pending arbitration. Plaintiff does not dispute Ms. Knapper's averments, but argues in her "Memorandum" that she was not given a copy of the Employee Handbook after her employment was terminated.

Under the Program, Plaintiff and Defendant "mutually agree[d] that, as a condition… of [Plaintiff's] employment, with [Defendant], any dispute arising out of or relating to [Plaintiff's]… employment with [Defendant] or the termination of that relationship, …must be resolved through binding arbitration." These disputes include:

> All disputes, claims, and controversies that could be asserted in court or before an administrative agency or for which [Plaintiff] or [Defendant] have alleged cause of action related to pre-employment, employment, employment termination or post-employment-related claims, whether the claims are denominated as…unlawful discrimination or harassment (including such claims based on …sex, … and any other prohibited grounds), [or] claims for unlawful retaliation…

## Considerations to Compel Arbitration

Before compelling arbitration, a district court must determine (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement. *Robinson v. EOR-ARK, LLC,* 841 F.3d 781, 783 (8th Cir. 2016). Any doubts raised in construing contract language on arbitrability should be resolved in favor of arbitration. *CD Partners, LLC v. Grizzle*, 424 F.3d 795, 795 (8th Cir. 2005).

Under Section 2 of the Federal Arbitration Act (FAA), "written arbitration agreements [are] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of a contract." *Anderson v. Carlisle*, 129 S.Ct. 1896, 1901 (2009). Section 2 "creates substantive federal law regarding the enforceability of arbitration agreements, requiring courts to place such agreements upon the same footing as other contracts." *Id.* (quotations omitted). "Section 3, in turn, allows litigants already in federal court to invoke agreements made enforceable by Section 2." *Id.*

"Two questions are pertinent when [considering] ... a motion to compel arbitration: (1) whether the parties entered a valid arbitration agreement, and, (2) if so, whether the parties' particular 'dispute falls within the scope of the arbitration agreement.'" *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 873 (8th Cir. 2018) (quoting *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015)). Arbitration is a matter of contract, and "where a valid arbitration agreement exists, [courts] must liberally construe it, resolving any doubts in favor of arbitration...." *Id.* (internal quotations omitted).

Defendant has produced the employment arbitration to which Plaintiff accepted through not opting out. Plaintiff does not challenge the validity of the agreement. The scope of that agreement includes claims by Plaintiff against Defendant unlawful discrimination or harassment including such claims based on

sex. Therefore, according to the undisputed record, Plaintiff's discrimination claim is within the scope of a valid arbitration agreement. *See McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 957 (8th Cir. 2009) ("[W]e have recognized the permissibility of subjecting employment-related civil rights claims to arbitration.") (citing *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 837-38 (8th Cir. 1997)) (holding Title VII claims could be subject to arbitration).

As such, Defendant asks the Court to dismiss this action, or stay the case. "The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 779 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Green*, however, the Court recognized that district courts sometimes rely upon "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 669-70; *see also Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) ("The appropriate procedure would have been for the district court to stay or dismiss the case ... pending arbitration."); *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1168 (8th Cir. 2017) ("The district court may decide

whether to stay this action or dismiss it pending resolution of the arbitrations.") (citing *Unison Co.*, 789 F.3d at 821).

Because it is clear the entire controversy between the parties is subject to, and must be resolved by, arbitration, the Court will dismiss this action, without prejudice.

## Conclusion

For the reasons stated herein, the Court concludes the parties have entered into a valid agreement to arbitrate the claims set out in Plaintiff's Complaint. The Motion to Compel Arbitration will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss and Compel Arbitration or the Alternative Motion to Stay Proceedings Pending Arbitration, [Doc No. 7], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice.

Dated this 17th  day of May, 2019.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE